1983
S

**FILED**
2019 Jun-27  PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

Christopher Michael Thrasher )
*Plaintiff* )
*(Write your full name. No more than one plaintiff may be named in* )
*a complaint.)* )
-v- )
)
)
)
)
)
)
)
Thomas H. Woodfin, ETAL. )
*Defendant(s)* )
*(Write the full name of each defendant who is being sued. If the* )
*names of all of the defendants cannot fit in the space above, please* )
*write "see attached" in the space and attach an additional page* )
*with the full list of names. Do not include addresses here. Your* )
*complaint may be brought in this court only if one or more of the* )
*named defendants is located within this district.)*

2019 JUN 27  A II: 03

U.S. DISTRICT COURT
N.D. OF ALABAMA

Case No. 2:19-CV-1007-MHL-JEO
*(to be filled in by the Clerk's Office)*

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
## (Prisoner Complaint)

NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis.*

Mail the original complaint and the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.

1

I.  **The Parties to this Complaint**

A.  **The Plaintiff**

Provide the information below for the plaintiff named in the complaint.

Name      Christopher Michael Thrasher

All other names by which you have been known: Michael Thrasher ; Michael Hillman

ID Number    #1743913-X

Current Institution    William E. Donaldson Corr. Facility

Address    100 Warrior Lane (K-111)

     Bessemer     AL.     35023

       *City*        *State*      *Zip Code*

B.  **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed

Defendant No. 1

Name    George Adams

Job or Title *(if known)*    Head Chaplain / W.E. Donaldson

Shield Number

Employer    Alabama Dept. of Corrections

Address    100 Warrior Lane

     Bessemer     AL.     35023

       *City*        *State*      *Zip Code*

☐ Individual Capacity    ☒ Official Capacity

Defendant No. 2

Name    Christopher Gordy

Job or Title *(if known)*    Warden III / W.E. Donaldson

Shield Number

Employer    Alabama Dept. of Corrections

Address    100 Warrior Lane

     Bessemer     AL.     35023

       *City*        *State*      *Zip Code*

☐ Individual Capacity    ☒ Official Capacity

2

Defendant No. 3

Name     Jefferson S. Dunn

Job or Title *(if known)*     Commissioner

Shield Number

Employer     Alabama Dept. of Corrections

Address     301 South Ripley Street

Montgomery     AL.     36130
*City*     *State*     *Zip Code*

☒ Individual Capacity     ☒ Official Capacity

Defendant No. 4

Name     Thomas Woodfin

Job or Title *(if known)*     Pastoral Program Supervisor

Shield Number

Employer     Alabama Dept. of Corrections

Address     301 South Ripley Street

Montgomery     AL.     36130
*City*     *State*     *Zip Code*

☒ Individual Capacity     ☒ Official Capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*;

   ☐ Federal officials (a *Bivens* claim)

   ☒ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities, secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

U.S. Constitutional Amendment 1, U.S. Constitutional Amendment 14 (Due Process & Equal Protection Clause), RLUIPA

C.   Plaintiffs suing under *Bivens* may only recover for violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_____

~~See~~ See Attachment 1 :

_____

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply):*

☐   Pretrial Detainee

☐   Civilly committed detainee

☐   Immigration detainee

☒   Convicted and sentenced state prisoner

☐   Convicted and sentenced federal prisoner

☐   Other _____
     *(explain)*

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted. number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_____

_____

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

William E. Donaldson Correction Facility / 01/17/2019

4

C.   What date and approximate time did the events giving rise to your claim(s) occur?

_January 17th, 2019_

D.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

_See Attachment 2:_

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries in detail.

_Prolonged periods of hunger as I've tried to uphold the Laws of God._

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

_I wish for the Court to compel the Alabama Dept. of Corrections to provide a Kosher diet option on the institutional menus for observant Jewish inmates, who can also validate their claim to be Jewish. I do not want the Kosher diet to be available to just anyone. However, I want the Kosher food that does become provided to actually be Kosher according to the standard of the laws of Kashrut._

**VII.** **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒   Yes

☐   No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_William E. Donaldson Correctional Facility_

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐   Yes

☒   No

☐   Do Not Know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover ·some or, all of your claims?

☐   Yes

☒   No

☐   Do Not Know

If yes, which claim(s)?   _N/A_

6

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐  Yes

☐  No

N/A

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐  Yes

☐  No

N/A

E.  If you did file a grievance

1.  Where did you file the grievance?

N/A

2.  What did you claim in your grievance?

N/A

3.  What was the result, if any?

N/A

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

W.E. Donaldson Correctional Facility does not have a grievance procedure, although I did write to Commissioner Jefferson S. Dunn to appeal the decision issued by the Religious Activities Review Committee.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____ N/A _____

   Defendant(s) _____ N/A _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____ N/A _____

3. Docket or index number

   _____ N/A _____

4. Name of Judge assigned to your case

   _____ N/A _____

5. Approximate date of filing lawsuit

   _____ N/A _____

6. Is the case still pending?

   ☐ Yes

   ☐ No    N/A

   If no, give the approximate date of disposition. _____ N/A _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____ N/A _____

9

**IX.**     **Certification and Closing**

Under Federal Rule of Civil-Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and ( 4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

| | |
|---|---|
| **Printed Name of Plaintiff** | Christopher Michael Thrasher |
| **Prison Identification #** | #174393-X |
| **Prison Address** | 100 Warrior Lane |
| | Bessemer                     AL.          35023 |
| | *City*                       *State*      *Zip Code* |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     06/17/2019
                (Date)

_C. Michael Thrasher_
Signature of Plaintiff

10

As an observant Jewish inmate, I made a sincere request to receive a Kosher food diet that's required by the laws of my faith to Chaplain George Adams and Warden Christopher Gordy, both of whom hold head positions at the institution I'm housed at. They recommended the request to the ADOC Religious Activities Review Committee who later issued a final response denying the request, the supervisor of this committee being Thomas Woodfin. To appeal this denial, I wrote Commissioner Jefferson S. Dunn. However, he responded that the RARC's decisions are final, and refused to reconsider the final response issued by the RARC; despite the fact that Commissioner Jefferson S. Dunn has complete over-ride authority of any ADOC regulation, rules or policy. Yet, he blatantly refused to exercise that authority to afford myself & other Jewish inmates the opportunity to exercise a vital tenet of the Jewish Faith as commanded by God, and as guarantee by Federal Law.

C. Michael Thrasher

#174393

Christopher Michael Thrasher

Attachment 2:

On December 3, 2018, I made a sincere request to receive a Kosher diet in accordance with the requirements of the Jewish faith to Chaplain George Adams. He provided me with an Inmate Request for Religious Assistance to fill out and submit, which I immediately did. The form provides for the head Warden & head Chaplain of the institution to make a recommendation before sending it to the ADOC Religious Activities Review Committee.

On January 17, 2019, the ADOC Religious Activities Review Committee issued a Final Response denying my request for a Kosher diet, and I was given a copy of this response February 13th, 2019.

After receiving a copy of the decision, I wrote to Commissioner Jefferson S. Dunn asking him to reconsider the decision issued by the RARC because of the substantial burden it placed on my ability to properly exercise my religion. On April 29, 2019, Commissioner Dunn replied that the RARC's decisions were final.

Inmate Thomas May, #295054, was made aware of the denial for a Kosher diet I received, after he requested one, too. I've documented every aspect of the process, as well as evidence supporting my claim completely.

C. Michael Thrasher

Christopher Michael Thrasher
#174393





# State of Alabama
# Department of Corrections

Alabama Criminal Justice Center
301 South Ripley Street
P. O. Box 301501
Montgomery, AL 36130-1501
(334) 353-3883

**KAY IVEY**
GOVERNOR

**JEFFERSON S. DUNN**
COMMISSIONER

April 29, 2019

Christopher Michael Thrasher
AIS #174393
100 Warrior Lane
Bessemer, AL 35023

Re.: **Denial of Request for Kosher Meals**

Dear Mr. Thrasher,

I am in receipt of your letter regarding the denial of your request for Kosher meals.

Your request for Kosher meals was denied by the Alabama Department of Corrections Religious Activities Review Committee on January 17, 2019.

The Religious Activities Review Committee is established under Administrative Regulation 461 to approve or deny Inmate Requests for Religious Assistance. Their decision is final.

Sincerely,

Jefferson S. Dunn
Commissioner

cc: Anne A. Hill, Chief of Staff
Thomas H. Woodfin, Pastoral Programs Supervisor
Carrie Ellis McCollum, General Counsel





# State of Alabama
# Alabama Department of Corrections

**KAY IVEY**
**GOVERNOR**

Alabama Criminal Justice Center
301 South Ripley Street
P.O. Box 301501
Montgomery, AL 36130-1500

**Jefferson S. Dunn**
**COMMISSIONER**

**January 17, 2019**

**FINAL RESPONSE**

## ADOC RELIGIOUS ACTIVITIES REVIEW COMMITTEE

| | |
|---|---|
| **RARC NUMBER(S):** | **180** |
| **INMATE(S):** | **Thrasher, Christopher Michael 174393** |
| **RELIGION:** | **Judaism** |
| **INSTITUTION:** | **Donaldson Correctional Facility** |
| **REQUEST MADE:** | **Kosher Meals** |

**Denied.**

_____         1/17/19
Regional Chaplain David Smith                    Date

_____         1-17-19
Regional Chaplain Anthony Askew                  Date

_____         1/17/19
Regional Chaplain Mark Michael                   Date

_____         1-17-2019
Regional Chaplain Chris Summers                  Date

_____         1/17/19
Thomas Woodfin, Pastoral Program Supervisor      Date

_____         1/17/19
Associate Commissioner Steve Watson              Date

cc: All Signatories
    All Institutional Chaplains
    All Wardens
    Inmate(s) Thrasher, Christopher M
    RARC Archives
    AR Appendices (If required)

Thrasher, Christopher 174393  RARC 180 Judaism







Christopher Michael Thrasher
#174393x K-111
100 Warrior Lane
Bessemer, AL. 35023

SECURITY

JUN 27 2019
DISTRICT COURT
DISTRICT OF ALABAMA

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated; and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

Clerk's Office
United States District Court
Northern District of Alabama
Room 104, Hugo L. Black U.S. Courthouse
1729 5th Avenue North
Birmingham, AL 35203